# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| EDWARD THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-1052-MHT-DAB |
| ) | |
| CITY OF MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On October 14, 2014, Plaintiff Edward Thomas, *pro se*, filed a civil complaint in this court against Defendant City of Montgomery, alleging claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Equal Protection Clause and the Due Process Clause of the United States Constitution under 42 U.S.C. § 1981. On March 9, 2017, Defendant filed a motion to dismiss the Amended Complaint for failure to state a claim. (Doc. 53). On March 31, 2017, Plaintiff filed a "Response to Motion to Dismiss Amended Complaint" in which he stated that he "voluntarily dismisses his amended complaint (doc. no. 52)." (Doc. 55 at 1). For the reasons stated herein, it is the **RECOMMENDATION** of the undersigned that Plaintiff's motion to voluntarily dismiss his amended complaint be **GRANTED** and the case be **DISMISSED.**

I. **JURISDICTION**

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 as to Plaintiff's federal causes of action. The parties do not contest personal jurisdiction or venue, and the court finds sufficient information of record to support both. *See* 28 U.S.C. § 1391. On January 5, 2017, the above-styled matter was referred to the undersigned for review by United States District Myron H.

Thompson. (Doc. 48); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## II.  BACKGROUND AND MATERIAL FACTS[1]

Plaintiff is an African-American employee of Defendant as a "Foreman 1" in the Maintenance Department. (Doc. 52 at 6, ¶ 10). Plaintiff generally alleges that he was subjected to retaliation, discriminatory work assignments, denied training, and physically assaulted by a coworker on the job because of his race. (Doc. 52 at ¶¶ 1-6). The Amended Complaint advances a number of claims including assault, deprivation of due process, racial discrimination, hostile work environment, and disparate treatment under § 1981, § 1983, and Title VII. (Doc. 52 at ¶¶ 7-11).

On March 9, 2017, Defendant filed a motion to dismiss the Amended Complaint for failure to state a claim, specifically arguing that the Defendant was not named as a party in the Amended Complaint[2] (Doc. 52 at ¶¶ 1-4; Doc. 53 at ¶ 2) and that Plaintiff's claims are barred by the statute of limitations (Doc. 53 at ¶¶ 3-5).

Plaintiff filed a response to Defendant's motion stating, in its entirety: "COMES NOW, the Plaintiff, Edward Thomas, *pro se* and in accordance with the F. R. Civ. P., and voluntarily dismisses his amended complaint (doc. n. 52)." (Doc. 55). This court entered an order admonishing Plaintiff that "such a motion to dismiss the amended complaint, were the court to grant it, would dismiss the case entirely and this action would be over" and ordered Plaintiff to "file a further response on or before **April 18, 2017**, to clarify his intentions as to his amended complaint." (Doc. 56). Plaintiff has not filed any further response to this court's order.

---

[1] These are the facts for purposes of recommending a ruling on the pending motions to dismiss; they may not be the actual facts and are not based upon evidence in the court's record. They are gleaned exclusively from the allegations in Plaintiff's Amended Complaint (Doc. 52).
[2] Plaintiff attempted to name several individuals as parties to his Amended Complaint; however, those individuals were each stricken. (Doc. 54).

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's motion to voluntarily dismiss his Amended Complaint (Doc. 55) be **GRANTED** pursuant to Rule 41(a)(2), Fed. R. Civ. P., that the case be **DISMISSED**, and that Defendant's motion to dismiss be found **MOOT** (Doc. 53).

It is **ORDERED** that the parties shall file any objections to the said Recommendation pursuant to and within the time provided by Rule 72(b)(2), Fed. R. Civ. P.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 28th day of April 2017.

                                                        David A. Baker
                                                       United States Magistrate Judge